**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10455 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00382-HSG-5 |
| v. | |
| JOEL SALCEDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 10, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Joel Salcedo appeals the district court's dismissal of two prospective jurors

for cause and challenges the sufficiency of the evidence with respect to his

conviction for conspiring to manufacture, distribute, and possess with intent to

distribute heroin and methamphetamine. We have jurisdiction under 28 U.S.C.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

We "review[] a court's findings regarding actual juror bias 'for manifest error' or abuse of discretion." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) ("Because determinations of impartiality may be based in large part upon demeanor, this court typically accords deference to the district court's determinations, and reviews a court's findings regarding actual juror bias 'for manifest error' or abuse of discretion."). We review de novo "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) (internal quotation marks omitted). Though we review de novo Salcedo's claim of insufficient evidence, "our evaluation remains deferential and accords respect to the jury's role as weigher of the evidence." *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (internal quotation marks omitted).

The district court did not manifestly err or abuse its discretion in dismissing the two prospective jurors for cause. Both made specific statements—in their juror questionnaires and during voir dire—regarding beliefs or opinions that could have prevented or substantially impaired the performance of their duties as jurors. *United States v. Padilla-Mendoza*, 157 F.3d 730, 733 (9th Cir. 1998) ("The central inquiry in determining whether a juror should be removed for cause is whether that

2

juror holds a particular belief or opinion that will prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." (internal quotation marks omitted)).  Even were these dismissals manifest error or an abuse of discretion, reversal would still not be warranted because the "core question" is whether Salcedo's constitutional right to an impartial jury has been violated, and he "presented no evidence that any of the jurors that found him guilty were unable or unwilling to properly perform their duties."  *Id.* at 734 (concluding that the district court abused its discretion in improperly excluding two jurors but error did not require reversal).

The trial evidence, when viewed in the light most favorable to the government, was sufficient to support Salcedo's heroin and methamphetamine conspiracy conviction.  Considering the relevant factors set forth in *United States v. Moe*, 781 F.3d at 1125–26, in the context of the entire course of dealing between the alleged co-conspirators, a rational juror could have found beyond a reasonable doubt that Oscar Escalante and Salcedo were co-conspirators rather than simply engaged in a buyer-seller relationship.  Alternatively, a rational juror could have found beyond a reasonable doubt that Salcedo and the associate who accompanied him to the May 2016 drug transaction were co-conspirators.

**AFFIRMED.**

3